UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE TOMAS FLORES-VERA,

       Petitioner,

    v.                            Case No.:  2:26-cv-01618-SPC-KRH

TODD BLANCHE *et al.*,

       Respondents,

                                       /

## <u>OPINION AND ORDER</u>

Before the Court are petitioner Jose Tomas Flores-Vera's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 12), and Flores-Vera's reply (Doc. 13).  For the below reasons, the Court grants the petition.

Flores-Vera is a native of Cuba who was admitted into the United States on May 17, 1980.  Following a conviction for possession of cocaine, an immigration judge ordered Flores-Vera removed to Cuba on February 26, 1988. The government could not execute the removal order, so it released Flores-Vera under an order of supervision.  Immigration and Customs Enforcement ("ICE") attempted to remove him to Cuba in 2017, but Cuba declined to accept him. Flores-Vera has complied with all conditions of release for over 34 years.

On November 15, 2025, Flores-Vera reported to ICE for a routine check-in, and ICE revoked his release and arrested him.  He is currently detained at

Alligator Alcatraz.  Flores-Vera challenges the legality of his detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. at 700-01 (2001).  If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."  *Id.* at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]."  *Id* at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.  *Id.*  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents acknowledge the six-month period for presumptively reasonable detention has expired, so *Zadvydas*'s burden-shifting framework applies. Flores-Vera has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The government has been unable to remove Flores-Vera for over 34 years, and Cuba still will not accept him for repatriation. The burden thus shifts to the government, and it acknowledges a lack rebuttal evidence.

The Court finds no significant likelihood Flores-Vera will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, ICE can detain Flores-Vera to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Jose Tomas Flores-Vera's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Flores-Vera within 24 hours of this Order, and they shall facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on May 29, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record